UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEABOURNE CRUISE LINE LIMITED, a Bermuda corporation; and HOLLAND AMERICA LINE N.V., a Curacao corporation,<br><br>Plaintiffs,<br>v.<br><br>ERIC J. GOLDRING an individual; and GOLDRING TRAVEL, LLC, a California limited liability company,<br><br>Defendants. | CASE NO. 2:22-cv-00999-DGE-BAT<br><br>ORDER DENYING DEFENDANTS' MOTION TO WITHDRAW CONSENT (DKT. NO. 90) |

**I    INTRODUCTION**

This matter comes before the Court on Defendants Eric J. Goldring and Goldring Travel, LLC's motion to withdraw consent and vacate the reference of this matter to United States Magistrate Judge Brian A. Tsuchida (Dkt. No. 90). For the reasons articulated, the Court DENIES Defendants' motion.

ORDER DENYING DEFENDANTS' MOTION TO WITHDRAW CONSENT (DKT. NO. 90) - 1

## II   BACKGROUND

The procedural and factual background of this case has been discussed at length in prior orders. (*See, e.g.*, Dkt. Nos. 42 at 2–3; 64 at 2–4.)  The Court thus briefly recounts the procedural background relevant to this motion.

Defendants removed this case to federal court on July 19, 2022. (Dkt. No. 1.)  Upon removal, the matter was referred to Judge Tsuchida pursuant to Second Amended General Order 02−19. (*See* Dkt. No. 5.)  Neither party declined consent to Judge Tsuchida, and the parties were deemed to have consented to the referral on August 12, 2022. (Dkt. No. 19.)  On November 10, 2022, Defendants filed a motion to withdraw their consent and vacate the referral to Judge Tsuchida. (Dkt. No. 90.)  Plaintiffs filed their response in opposition to the referral on December 6, 2022. (Dkt. No. 101.)

## III   DISCUSSION

### A. Legal Standard

28 U.S.C. § 636(c)(1) permits a magistrate judge, with the parties' consent, to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." *Id.*  Once the parties consent to a magistrate judge's jurisdiction, the parties do not possess a unilateral right to revoke consent and a district court may only revoke the referral to the magistrate judge "for **good cause** shown on its own motion, or under **extraordinary circumstances** shown by any party." 28 U.S.C. § 636(c)(4) (emphasis added); *see also Savoca v. United States*, 199 F. Supp. 3d 716, 720 (S.D.N.Y. 2016).  Once a party moves to withdraw consent from the magistrate judge, only a district court may rule on the motion. *Branch v. Umphenour*, 936 F.3d 994, 1003 (9th Cir. 2019) ("*Branch I*").

28 U.S.C. § 636 does not define "good cause" or "extraordinary circumstances," but the Ninth Circuit has held that these terms constitute a "'a high bar that is difficult to satisfy,' and is intended to 'prevent[ ] gamesmanship.' Neither mere dissatisfaction with a magistrate judge's decision, nor unadorned accusations that such decisions reflect judicial bias, will suffice." *Branch I*, 936 F.3d at 1004 (alteration in original) (internal citation omitted) (quoting *Savoca*, 199 F. Supp. at 721). Factual and legal errors alone are not sufficient to indicate bias nor are allegations that the magistrate judge "exhibited bias by accepting . . . [another party's] allegedly erroneous legal arguments." *Branch v. Umphenour*, 851 F. App'x 732, 733 (9th Cir. 2021) ("*Branch II*"); *see also Branch v. Umphenour*, No. 108CV1655SABPC, 2020 WL 417534, at *5 (E.D. Cal. Jan. 27, 2020) ("even if there are some errors . . . there is always a risk that any judge, be it a magistrate judge, a district judge, or an appellate justice, will make an error."). Some factors that courts may consider in determining whether to revoke consent to the magistrate judge include:

> undue delay, inconvenience to the court and witnesses, prejudice to the parties, whether the movant is acting *pro se,* whether consent was voluntary and uncoerced, whether the motion is made in good faith or is dilatory and contrived, possibility of bias or prejudice on the part of the magistrate, and whether the interests of justice would best be served by holding a party to his consent.

*Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987) (internal citations omitted).

**B. Defendants' Assertions of Bias are Unfounded**

Defendants argue that vacatur of the referral is warranted not "simply because the magistrate has consistently ruled against Goldring/Goldring Travel, but rather the manner and basis upon which he has." (Dkt. No. 90 at 12.) Defendants offer no external evidence to indicate that Judge Tsuchida is biased. Rather, they rely on conclusory statements and point to the merits

1  of Judge Tsuchida's rulings to argue that alleged factual and legal errors indicate that "the
2  magistrate has 'pre-judged' this case." (*Id.*)

3    The case law is clear that dissatisfaction with a magistrate judge's rulings, absent other
4  evidence, is not sufficient to vacate consent. *See, e.g.*, *Branch II*, 851 F. App'x at 733; *Milhous*
5  *v. Metro. Gov't of Nashville & Davidson Cnty.*, 221 F.3d 1335 (6th Cir. 2000) ("It is equally
6  clear that no 'extraordinary circumstances' were shown here but, rather, the plaintiff simply was
7  displeased with the magistrate's rulings on the motions to dismiss."); *Ball v. Colvin*, No. CV-12-
8  01574-PHX-SMM, 2014 WL 2569059, at *2 (D. Ariz. June 9, 2014) ("Plaintiff's disagreement
9  with Magistrate Judge Bade's ruling does not constitute good cause or extraordinary
10 circumstances."); *M&I Marshall & Ilsley Bank v. McGill*, No. 10-CV-1436-PHX-ECV, 2011
11 WL 2464184, at *2 (D. Ariz. June 21, 2011) ("Dissatisfaction with the magistrate judge's rulings
12 does not constitute an extraordinary circumstance."); *Montano v. Solomon*, No. 2:07-CV-0800
13 KJN P, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010) ("A party's disagreement with a
14 reasonable court ruling constitutes neither good cause nor extraordinary circumstance for
15 withdrawing consent to the jurisdiction of the magistrate judge.").

16   The Court has reviewed the record and Judge Tsuchida's rulings and sees no indication of
17 bias nor prejudice. Defendants knowingly consented to the jurisdiction of the magistrate judge.
18 (Dkt. No. 19). Though the Defendants are acting *pro se*, Defendant Goldring, who represents
19 both parties, is "is an attorney at law licensed, and in good standing, in both New Jersey and
20 Florida, and . . . has successfully litigated . . . cases" in various federal district and appellate
21 courts. (Dkt. No. 17 at 1.) Given Defendant Goldring's significant federal court experience,
22 Defendants should be well aware of the consequences of consenting to a referral to a magistrate
23 judge.

Weighing the factors enumerated in *Carter*, the Court concludes that Defendants' conclusory allegations of bias do not meet the high bar posed by the "good cause" and "extraordinary circumstances" requirements of 28 U.S.C. § 636(c)(4).  The law does not permit the Defendants to forum shop for more favorable rulings simply because they disagree with a judge's rulings.  Allowing Defendants to "withdraw consent at will would undermine the role played by magistrate judges in our judicial system" and would prejudice Plaintiffs.  *See United States v. Neville*, 985 F.2d 992, 1000 (9th Cir. 1993).  Justice is best served by holding the Defendants to their decision to consent to Judge Tsuchida's jurisdiction.

## IV    CONCLUSION

Accordingly, and having considered Defendants' motion (Dkt. No. 90), the briefing of the parties, and the remainder of the record, the Court DENIES Defendants' motion.

Dated this 12th day of December, 2022.

David G. Estudillo
United States District Judge